UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

O

Case No. SACV 12-0029 DOC(MLGx)        Date: August 7, 2012

Title: <u>INDYMAC RESOURCES, INC., V. CRAIG CROSS</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

      Before the Court is a Motion to Dismiss filed by Defendant Craig Cross ("Defendant") (Dkt. 25). After reviewing the motion, opposition, and reply, the Court DENIES Defendant's Motion.[1]

      **I.    Background**

      The facts alleged by the Plaintiff IndyMac Resources, Inc. ("Plaintiff"), are as follows:

      **A.   Parties**

      Plaintiff is a Delaware corporation with its principal place of business in Irvine, California. Compl. ¶ 2. Prior to July 11, 2008, Plaintiff was a wholly-owned subsidiary of IndyMac Bank, F.S.B. ("IndyMac Bank"). *Id*. Since July 11, 2008, Plaintiff has been a wholly-owned subsidiary of the Federal Deposit Insurance Corporation ("FDIC"). *Id.* at ¶ 19.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)            Date: August 7, 2012
                                                                                  Page 2

Defendant was employed by Plaintiff and IndyMac Bank from October 31, 2005 to September 8, 2008. *Id.* at ¶¶ 6, 18. Defendant is a resident of Orange County, California. *Id.* at ¶ 1.

### B. The Note

On May 15, 2008, IndyMac Bank paid Defendant $106,875, which was memorialized in a promissory note ("Note") as a retention loan. *Id*. at ¶ 7, Ex. 1. The Note states that Plaintiff is the "Holder" of this loan and Defendant is the "Maker." Compl. ¶ 16. The Note states that, as Holder, Plaintiff is entitled to repayment of the loan made by IndyMac Bank to Defendant. Compl. Ex. 1.

The Note required Defendant to pay the principal and interest of the loan in eight quarterly installments, beginning on March 31, 2010. Compl. ¶ 9, Ex. 1 at 4.

### 1. Terms Applicable in the Event of Default

In the section that this Court will refer to as "Default Clause," the Note states:

> Upon the occurrence of an Event of Default . . . the [Plaintiff] shall have all other remedies provided at law or equity, including, without limitation, specific performance; and in addition, the [Plaintiff], may do one or more of the following: declare all obligations of the [Defendant] hereunder to be immediately due and payable and without prior notice to the [Defendant], any such notice being hereby expressly waived, to set off and to apply any and all payment due [Defendant] from the [Plaintiff] (including, but not limited to, earnings payments, severance payments, payments in lieu of accrued vacation or any other cash incentives or payments due to the [Defendant] at the time of such Event of Default) . . . .

*Id.* at § V(i). Pursuant to the Note, an "Event of Default" constitutes an occurrence of a "failure of the [Defendant] to pay any principal, interest or other amount due hereunder within fifteen calendar days of the date such payment is due, or the [Defendant] shall in any way fail to comply with the other terms, covenants or conditions contained in this Note." *Id.* at § IV(ii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)　　　　　　　　　　　　Date: August 7, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

### 2. Terms Applicable in the Event of Involuntary Termination Without Cause

In the section that this Court will refer to as "Termination Clause," the Note states:

> In the event the [Defendant]'s employment with the [Plaintiff] is involuntarily terminated without cause, for poor performance, or in the event of death or disability, then any payment of the principal and interest due upon acceleration as described herein shall be deducted from any earnings payments, contractual severance amounts, payments in lieu of accrued vacation or any other cash incentives then due and payable to the [Defendant] from the [Plaintiff] without prior notice to the [Defendant], any such notice being hereby expressly waived.

*Id.* at § II(c).

### C.  IndyMac Bank's Notice of Troubled Condition

On July 1, 2008, two weeks after IndyMac Bank memorialized the loan to Defendant in the Note, the Office of Thrift Supervision issued a Notice of Troubled Condition ("Notice") to IndyMac Bank. The Notice was regarding IndyMac Bank's status and prohibited IndyMac Bank and its subsidiaries from making any "golden parachute" payments. Compl. ¶ 17, Ex. 2.

### D.  Involuntary Termination Without Cause

Six days later, on July 7, 2008, Plaintiff notified Defendant that his employment would terminate without cause on September 8, 2008. Compl. ¶ 19. No quarterly payments were yet due upon termination of Defendant's employment. *Id.* at ¶ 21.

### E.  Default

On March, 31, 2010, Defendant failed to make the first payment due to Plaintiff according to the Note. *Id.* at ¶ 25, Ex. 1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0029 DOC(MLGx)  Date: August 7, 2012
Page 4

On July 13, 2010, Defendant received written notice that payments were accelerated and due on account of Defendant's default in accordance with the Note. *Id.* at ¶ 25, Ex. 1.

On April 12, 2011, written notice was again sent to Defendant demanding repayment of the loan. Compl. at ¶ 26.

### F. Operative Pleadings

Plaintiff seeks declaratory relief and damages in the amount of $106,875 plus 10% interest, and any other relief the Court deems appropriate. *Id.* at 5-6.

### II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)            Date: August 7, 2012
                                                                                           Page 5

      A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

      Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

      Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

    **III.**    **Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)  Date: August 7, 2012
Page 6

---

The Court will first address whether Plaintiff sufficiently alleged facts to state a claim for breach of contract regarding Defendant's alleged non-payment in violation of the Note. The Court will then address whether Plaintiff sufficiently alleged facts to request declaratory relief to enforce Defendant's repayment of the loan and to declare that forgiveness of the loan is barred because it is prohibited by the applicable golden parachute statutes.

### A. Plaintiff Alleges Sufficient Facts to Establish a Claim for Breach of Contract

Pleading a cause of action for breach of contract requires: (1) the existence of a valid contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) the resulting damages. *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999, 106 Cal. Rptr. 3d 26, 32 (2010); *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178, 80 Cal. Rptr. 3d 6, 12 (2008).[2]

Defendant argues that Plaintiff fails to sufficiently allege the third element of breach because Defendant is not obliged to make anymore loan repayments given that Defendant construes the Termination Clause to limit the sources from which Plaintiff can seek repayment to only those monies mentioned in the Termination Clause.

### 1. The Conflict in the Note Is Construed in Plaintiff's Favor

"If a contract is capable of two constructions[,] courts are bound to give such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 953-54, 189 P.3d

---

[2] This Court applies California law to interpret the contract because a federal court with diversity jurisdiction applies the substantive laws of the state in which it is located. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (applying California law to interpret a contract); *MGA Entm't, Inc. v. Hartford Ins. Group*, ED CV 08-0457-DOC(RNBx), 2012 U.S.Dist. LEXIS 24000, *90 n. 17 (C.D. Cal. Feb. 24, 2012). The Court has diversity jurisdiction because Plaintiff is a Delaware Corporation, Defendant is a resident of California, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)                                Date: August 7, 2012
                                                               Page 7

285, 296 (2008), quoting *Rodriguez v. Barnett*, 52 Cal.2d 154, 160, 338 P.2d 907 (1959). *See* Cal. Civ. Code §§ 3541 ("[a]n interpretation which gives effect is preferred to one which makes void"), 1643 ("[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect").

The parties dispute the construction of the Termination Clause. Defendant argues that he has no obligation to repay the loan because the *only* monies from which repayment shall be made are those explicitly mentioned in the Termination Clause, namely, "earnings payments, contractual severance amounts, payments in lieu of accrued vacation, or any other cash incentives then due and payable." Compl. Ex. 1 § II(c). Defendant argues that these sources of payment are exclusive and that Plaintiff cannot collect money from any other source, even if the aforementioned methods do not satisfy the entirety of the loan.

Plaintiff argues that Defendant's construction of the Termination Clause would provide a golden parachute payment that is barred by 12 C.F.R. § 259 and thus the Termination Clause would be void. Because Defendant's construction of the Termination Clause would render the Termination Clause void, this Court rejects Defendant's construction.

### 2. A Golden Parachute Payment Would Make the Note Void

According to 12 C.F.R. § 359, IndyMac Bank and Plaintiff, as an express beneficiary of the Note and subsidiary of IndyMac Bank, are prohibited from making golden parachute payments except with the consent of a federal banking agency. *See* 12 C.F.R. §§ 359.2, 359.4(a)(3). A golden parachute payment includes: (1) "payment or any agreement to make a payment by an insured depository institution," which in this case is IndyMac Bank,[3] "for the benefit of" its "employee,"[4] which in this case is Defendant; (2)

---

[3] It is undisputed that IndyMac Bank is an insured depository institution. *See* 12 U.S.C. § 1815(c)(2) ("The term 'insured depository institution' means any bank or savings association the deposits of which are insured by the [Federal Deposit Insurance Corporation]").

[4] *See* 12 C.F.R. §§ 359.1(f)(1) ("The term golden parachute payment means any payment (or any agreement to make any payment) in the nature of compensation by any insured depository institution or an affiliated depository institution holding company for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)                    Date: August 7, 2012
                                                  Page 8

---

the payment or agreement is "contingent on, or by its terms is payable on or after, the termination of the [employee];"[5] and (3) the payment or agreement "is received on or after, or is made in contemplation of . . . insolvency (or similar event) of [IndyMac Bank] . . . or . . . [IndyMac Bank] . . . is in a troubled condition."[6]

An agreement may become a golden parachute after its formation. *Harrison v. Ocean Bank*, 10-23138-CIV, 2011 WL 2607086, at *5 (S.D. Fla. June 30, 2011) (affirming the FDIC's determination that the plaintiff's settlement agreement was unenforceable because it was a golden parachute payment barred by 12 C.F.R. § 359).

### i.    The Agreement to Make a Payment by IndyMac Bank Is Made to Benefit Defendant

The first prong of the golden parachute statute can be satisfied if the Termination Clause was a "payment or an agreement to make a payment" by IndyMac Bank for the benefit of Defendant. *See* 12 C.F.R. § 359.1(f)(1). "Payment means . . . any forgiveness of any debt or obligation." 12 C.F.R. § 359.1(k)(2). The parties dispute only whether

---

benefit of any current or former IAP pursuant to an obligation of such institution or holding company"), (h)(1) ("institution-affiliated party (IAP) means: [a]ny director, officer, employee, or controlling stockholder (other than a depository institution holding company) of, or agent for, an insured depository institution or depository institution holding company"); *Hill v. Commerce Bancorp, Inc.*, CIV. 09-3685 RBK/JS, 2012 WL 694639, at *5 (D.N.J. Mar. 1, 2012) (holding that the plaintiff's status as an employee of a troubled insurance depository institution qualifies as an "IAP" according to 12 C.F.R. § 359.1); *In re Netbank, Inc.*, 3:07-BK-04295-JAF, 2010 WL 5296952, at *4 n. 2 (Bankr. M.D. Fla. Mar. 11, 2010) (applying 12 C.F.R. § 359.1(f)(1) to determine whether a severance pay agreement was a golden parachute payment).

[5] 12 C.F.R. § 359.1(f)(i); *Clark v. Carver Fed. Sav. Bank*, 297 A.D.2d 599, 599-600, 747 N.Y.S.2d 490, 491 (2002) (holding that the severance pay agreement contemplated in the defendant employee's contract was dependant on the defendant's termination because the severance payment was payable after the defendant's termination when the plaintiff employer was in troubled condition).

[6] 12 C.F.R. §§ 359.1(f)(ii)(A) and (C).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0029 DOC(MLGx)                          Date: August 7, 2012
                                                         Page 9

Defendant's construction of the Termination Clause renders it an "agreement to make a payment."

Defendant's construction of the Termination Clause in the Note renders the Termination Clause "an agreement to make a payment" because, under Defendant's construction, the Termination Clause would require Plaintiff to forgive Defendant's debt if the monies mentioned in the Termination Clause do not satisfy the entirety of the loan.[7] The "payment" is IndyMac Bank's forgiveness of Defendant's remaining debt after exhausting the monies mentioned in the Termination Clause. The "agreement" to make a payment is the Note between IndyMac Bank and Defendant with Plaintiff as the express beneficiary of the payment.

Because Defendant's construction of the Termination Clause in the Note would require IndyMac Bank to forgive the loan, the Note is an agreement to make a payment within the meaning of the first prong of the golden parachute statute.

### ii.    Payment is Contingent on Defendant's Termination

The second prong of the golden parachute statute can be satisfied if the Termination Clause provides for a payment contingent on Defendant's termination. *See* 12 C.F.R. § 359.1(f)(1)(i).[8]

Under Defendant's construction of the Termination Clause, Defendant's termination entitled Defendant to a payment, namely, IndyMac Bank's forgiveness of

---

[7] The Termination Clause states, "In the event the [Defendant]'s employment with the [Plaintiff] is involuntarily terminated without cause . . . any payment of the principal and interest due upon acceleration as described herein *shall be deducted from any earnings payments, contractual severance amounts, payments in lieu of accrued vacation or any other cash incentives then due and payable* to the [Defendant] from the [Plaintiff]." Compl. Ex. 1 at § II(c) (emphasis added). Defendant argues that such language denotes that the *only* monies from which repayment can be made are those listed in the Termination Clause.

[8] Defendant is an "employee" and thus an "institution-affiliated party" to whom 12 C.F.R. § 359.1(f)(1)(i) applies. 12 C.F.R. § 359.1(h)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)　　　　　　　　　　　　Date: August 7, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 10

---

Defendant's remaining debt. The "payment" is Plaintiff's forgiveness of Defendant's remaining debt after exhausting the monies mentioned in the Termination Clause. The "contingen[cy] on [Defendant's] termination" is shown by the phrase in the Termination Clause that states, "*[i]n the event the [Defendant]'s employment with the [Plaintiff] is involuntarily terminated without cause* . . . any payment . . . shall be deducted from [certain monies] then due and payable to the [Defendant] from the [Plaintiff]." Compl. Ex. 1 § II(c) (emphasis added).

### iii. Payment Is Received After the Notice of Troubled Condition Was Issued

The third prong of the golden parachute statute may be satisfied when the payment or agreement to make a payment is received on or after, or in contemplation of, IndyMac Bank's troubled condition. *See* 12 C.F.R. §§ 359.1(f)(1)(i).

Under Defendant's construction of the Termination Clause, the earliest that the Termination Clause required IndyMac Bank to forgive the remainder of Defendant's debt was at Defendant's termination, which occurred *after* Notice of IndyMac Bank's troubled condition. As discussed previously, the "payment" was IndyMac Bank's forgiveness of Defendant's remaining debt after exhausting the monies mentioned in the Termination Clause. This payment was triggered by Defendant's termination on September 8, 2008.[9] This termination occurred more than two months after IndyMac Bank received its Notice of Troubled Condition on July 1, 2008. Thus, even assuming that Defendant's termination was the date at which the payment occurred, the payment occurred after IndyMac Bank's troubled condition.

Defendant argues that payment was received *before* IndyMac Bank's troubled condition by relying on a limited definition of "payment" as a transfer of money from one party to another. IndyMac Bank loaned $106,875 to Defendant on May 15, 2008. Because the Notice of Troubled Condition was issued on July 1, 2008, Defendant avers that the only instance of payment occurred before IndyMac Bank was in troubled

---

[9] The Court assumes without deciding that the payment occurred as early as Defendant's termination, rather than when the loan first became due, because both dates occurred after the Notice of Troubled Condition was issued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)  Date: August 7, 2012
Page 11

condition. Thus, Defendant argues that the third prong of the golden parachute statute is not met because payment was received before troubled condition arose.

Defendant assumes that payment refers only to the transfer of funds between IndyMac Bank and Defendant on May 15, 2008. Defendant's argument fails because he does not consider the statutory definition of "payment." As discussed previously, "payment means . . . any forgiveness of any debt or other obligation." 12 C.F.R. § 359.1(k)(2). A plain language reading of the golden parachute statute shows that Defendant's definition of "payment" as limited to a transfer of money is incorrect.

Furthermore, in interpreting other statutes, both the Ninth Circuit and California courts have held that a "payment" includes the forgiveness of a debt. *C.I.R. v. Fender Sales, Inc.*, 338 F.2d 924, 929, 930 (9th Cir. 1964) (holding that shareholders' forgiveness of debts owed to them by a corporation was considered payment because it constituted capital gains by the shareholders); *see Riddle v. Riddle*, 125 Cal. App. 4th 1075, 1080, 23 Cal. Rptr. 3d 273, 277 (2005) (holding that forgiveness-of-debt income must be used in the calculation of adjusted gross income to determine cash flow).

As explained previously, forgiveness of Defendant's loan constitutes a payment. Under Defendant's construction of the Termination Clause, the earliest that Defendant was entitled to forgiveness of the loan was September 8, 2008, when he was terminated. The Office of Thrift Supervision sent the Notice more than two months earlier on July 1, 2008. Thus, under Defendant's construction of the Termination Clause, his payment is received after the Notice of troubled condition.

### iv. Conclusion

In sum, because Defendant's construction of the Termination Clause would result in an unenforceable golden parachute, the Court DENIES Defendant's motion to dismiss the cause of action for breach of contract.[10]

---

[10] In *Landwehr v. F.D.I.C.*, the court denied a motion to dismiss a claim for breach of contract based on nonpayment where the Note's Termination and Default Clauses were identical to the ones at issue here. *Landwehr v. F.D.I.C.*, 734 F. Supp. 2d 161, 172 (D.D.C. 2010). While that case did not reach the golden parachute argument Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0029 DOC(MLGx)            Date: August 7, 2012
           Page 12

---

### B. Plaintiff Alleges Sufficient Facts to Establish a Claim for Declaratory Relief

In order to plead declaratory relief, a plaintiff must show a real and substantial controversy admitting of specific relief through a decree of a conclusive character. *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1514 (9th Cir. 1994); *Kassahun v. JPMorgan Chase Nat. Corporate Services, Inc.*, SACV 11-1956 DOC, 2012 WL 1378659, at *3 (C.D. Cal. Apr. 19, 2012). Because declaratory relief is a remedy and not an independent cause of action, showing a real and substantive controversy is dependent on the existence of other properly pled causes of action. *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); *Kassahun*, 2012 WL 1378659, at *4.

Plaintiff requests declaratory judgment stating that: (1) Plaintiff is entitled to enforcement of the Note against Defendant for repayment of the $106,875; and (2) pursuant to 12 U.S.C. § 1828(k) and 12 C.F.R. § 359, forgiveness of the loan is barred because such an action would result in a prohibited "golden parachute."

#### 1. Repayment of the Loan

Plaintiff has sufficiently alleged facts for its cause of action for breach of contract; thus, Plaintiff has shown a real and substantive controversy that may be remedied by declaratory relief. *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) ("The district court's dismissal of the claims for declaratory relief appears to have depended upon its ruling dismissing all claims for substantive relief . . . [b]ecause we reverse the district court's dismissal of the breach of contract claim, we also reverse the denial of declaratory relief with regard to that claim").

#### 2. Golden Parachute Payment

---

makes here, it does provide a persuasive alternative basis for denying defendant's motion to dismiss.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0029 DOC(MLGx)            Date: August 7, 2012
                                                                                            Page 13

---

       Likewise, Plaintiff has sufficiently alleged facts to establish that forgiveness of Defendant's loan would result in golden parachute payment. Thus, Plaintiff has alleged a real and substantial controversy that may be remedied by declaratory relief.

       Because Plaintiff has sufficiently alleged facts for the claim of declaratory relief to survive a motion to dismiss, Defendant's motion to dismiss the cause of action for declaratory relief is DENIED.

### IV.    Disposition

       For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.[11]

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk: jcb

---

[11] Because the Court denies Defendant's Motion to Dismiss in its entirety, the Court does not consider Defendant's alleged violation of Local Rule 7-3. Local R. 7-3 (requiring movant to contact opponent, preferably in person). However, the parties should be aware of the potential consequences for failing to follow Local Rule 7-3. These consequences range from a court admonishment to a complete denial of a motion for summary judgment. *See Singer v. Live Nation Worldwide, Inc.*, SACV 11-0427 DOC, 2012 WL 123146, at *1-2 (C.D. Cal. Jan. 13, 2012) (holding that the defendant's motion for summary judgment was denied because the defendant failed to prove that a substantive conference of counsel took place in accordance with Local Rule 7-3); *Pirian v. In-N-Out Burgers*, SACV 06-1251 DOC, 2007 WL 1040864, at *3 n. 2 (C.D. Cal. Apr. 5, 2007) (admonishing the parties to thoroughly comply with all local rules after the defendant allegedly failed to raise substantive arguments in a motion).